UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

Karen Hanson, on her own
behalf and others similarly situated,

        Plaintiff,

v.

        CASE NO.: **2:16-cv-54**

Harris Teeter, LLC.
a Foreign Limited Liability Company.

        Defendant.

_____/

## COMPLAINT

1.    Plaintiff, Karen Hanson (hereinafter referred to as "Plaintiff"), was an employee of Defendant, Harris Teeter, LLC., a Foreign Limited Liability Company (hereinafter referred to as "Defendant"), and brings this action on behalf of herself and other current and former employees of Defendant similarly situated to her for overtime compensation and unpaid wages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b).

2.    Plaintiff performed non-exempt work as a manager and related activities throughout the state of Georgia. Defendant's office location was in Glynn County, Georgia within the jurisdiction of this court.

3.    Specifically, Plaintiff was a non-exempt employee performing duties such as providing management services.

4.    At all times material hereto, Plaintiff and similarly situated employees were employees of Defendant within the meaning of the FLSA.

5.    The supplies, machinery, and equipment, and other related items used by Plaintiff and similarly situated employees to perform the duties identified in Paragraphs 2 and 3 are goods and materials that have been moved in or produced in commerce.

6.    Plaintiff and similarly situated employees regularly handled and worked with goods and materials moved in or produced in commerce.

7.    Plaintiff was employed by Defendant during the thirteen year period preceding the filing of this lawsuit.

8.    Plaintiff began her employment with Defendant approximately on January 20, 2002.

9. Defendant terminated Plaintiff's employment in July 17, 2015.

10. Plaintiff routinely worked more than forty (40) hours per week for Defendant.

11. During certain pay periods of Plaintiff's employment, Plaintiff would average between three (3) to four (4) hours of overtime weekly.

12. Defendant failed to compensate Plaintiff for all overtime hours worked.

13. Defendant failed to properly credit Plaintiff for all hours worked.

14. Plaintiff was paid straight time wages for all overtime hours worked during her employment.

15. Defendant failed to compensate Plaintiff for preparation time.

16. Defendant intentionally failed to compensate plaintiff at time and one-half of his regular hourly rate for all overtime hours worked.

17. Defendant violated the Fair Labor Standards Act violation.

18. Harris Teeter, LLC., a Foreign Limited Liability Company, is a corporation that is in the food chain services industry. This includes the distributing, packing and selling of food.

19. The services provided by Defendant identified in paragraphs 2, 3, and 19 necessitated that Defendant employees work with goods and materials that have traveled or produced in commerce.

20. Defendant is subject to the jurisdiction of this court.

21. Defendant Harris Teeter, LLC., is an enterprise engaged in interstate commerce or in the production of goods for commerce.

22. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendant, Harris Teeter, LLC., was and is an enterprise engaged in interstate commerce or in the production of goods for commerce.

23. The services provided by Defendant necessitated that Defendants engage in interstate commerce.

24. Plaintiff was individually engaged in commerce due to the nature of her work.

25. This action is brought to recover from Defendant overtime compensation and unpaid wages, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216(b).

26. At all times material hereto, individual Defendant, Harris Teeter, LLC., and who regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, manage daily or weekly activities of employees, and control the finances and operations of, Harris Teeter, LLC., by virtue of such control and authority, is an employer of Plaintiff as such term is defined by the FLSA, 29 U.S.C. §201 et seq.

27. Plaintiff reported all employment related concerns, including improper credit for all overtime hours worked, to and other members of management.

28. Plaintiff repeatedly requested for to pay her at time and one-half for her overtime hours worked.

29. The additional persons who may become Plaintiffs in this action are non-exempt employees and/or former employees of Defendant who worked similar positions as Plaintiff and worked in excess of forty (40) hours in a work-week on or after March 2013, but were not properly paid for all hours worked in excess of forty (40) during one or more work weeks or current and/or former employees who were not credited for all hours worked during their employment with Defendant.

30. At all times pertinent to this Complaint, Defendant failed to comply with Title 29 U.S.C. § 201-209, in that Plaintiff and those similarly situated to Plaintiff performed services for Defendant for which no provisions were made by the Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) at an overtime rate of one and one-half times their regular rate of pay for all the overtime hours worked, based in part upon Defendant's custom and practice of failing to credit all overtime hours actually worked and failing to calculate and pay overtime wages accurately.

31. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendant, Harris Teeter, LLC., is an enterprise engaged in interstate commerce or in the production of goods for commerce.

32. Based upon information and belief, the annual gross sales volume of Harris Teeter, LLC., was in excess of $500,000.00 per annum during the relevant time period.

33. As a result of Defendant's actions identified herein Plaintiff and other similarly situated employees were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks.

34. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees are in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff.

## COUNT I, RECOVERY OF OVERTIME COMPENSATION

35. Plaintiff readopts and realleges all allegations contained in Paragraphs 1 through 34 above.

36. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week. All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

37. By reason of the said intentional, willful and unlawful acts of Defendant, all Plaintiffs (Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorney's fees.

38. Plaintiff has retained the undersigned counsel to represent her in this action, and agreed to pay reasonable fees and costs, and pursuant to 29 U.S.C. §§216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

39. As a result of Defendant willful violation of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to him) are entitled to liquidated damages.

40. Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff, Karen Hanson, and those similarly situated to her who have or will opt into this action, demand judgment, jointly and severally, against Defendant, Harris Teeter, LLC., for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages in an amount equal to the overtime awarded, prejudgment interest, reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

DATED this 16 day of March 2016

Respectfully submitted,

/s/ Yolando A. Hewling
Yolando A. Hewling, Esquire
Georgia Bar Number: 210327
Farah and Farah, P.A.
10 West Adams St
Jacksonville, FL 32202
Ph: (904) 396-5555
Fax: (904) 358-2424
yhewling@farahandfarah.com
Attorney for Plaintiff