# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

KAREN HANSON, on her own behalf
and others similarly situated,

    Plaintiff,

v.

                                   CV 216-54

HARRIS TEETER, LLC,

    Defendant.

## ORDER

Pending before the Court is Defendant Harris Teeter, LLC's Motion to Dismiss or in the Alternative, Motion for a More Definite Statement (Dkt. No. 5). The motion is now ripe for decision. For the reasons stated below, the Defendant's motion is **DENIED**.

## FACTUAL BACKGROUND

Plaintiff Karen Hanson ("Plaintiff") worked as a manager at Defendant Harris Teeter, LLC's ("Harris Teeter") in various Georgia locations for thirteen years. Dkt. No. 1 p. 1. She was terminated on July 17, 2015. Id. at ¶ 9. Plaintiff alleges she worked more than 40 hours a week, was required to do preparation work, and was not paid time and a half for those hours. Id. at

p. 2. Plaintiff now brings an action under the Fair Labor Standards Act ("FLSA") on her own behalf and on the behalf of similarly situated Plaintiffs. Id. at ¶ 35-40.

## LEGAL STANDARD

When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a district court must accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Although a complaint need not contain detailed factual allegations, it must contain sufficient factual material "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

## DISCUSSION

Harris Teeter moves to dismiss the Complaint in its entirety because Plaintiff's "conclusory and wholly unsupported allegations fail to state a claim upon which relief can be granted." (Dkt. No. 5 p. 1). In the alternative, Harris Teeter moves for a more definite statement pursuant to Federal Rule of

O 72A
.ev. 8/82)

Civil Procedure 12(e). Harris Teeter argues that the Complaint provides insufficient detail concerning whether Plaintiff was exempt or non-exempt under the FLSA, how many hours she allegedly worked, or the date of the alleged violations, and the nature of the work she allegedly performed. Id. at pp. 8-10. Further, Harris Teeter asserts that Plaintiff fails to provide any specifics regarding the alleged "similarly situated" individuals who did not receive overtime compensation. Id. at p. 11.

To establish a prima facie case of liability for unpaid overtime under the FLSA, a plaintiff must demonstrate that (1) the defendant employed her; (2) the defendant is an enterprise engaged in interstate commerce covered by the FLSA or the plaintiff is otherwise covered by the FLSA; (3) the plaintiff actually worked in excess of a 40-hour work week; and (4) the defendant failed to pay her overtime wages as required by law. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). The plaintiff must show "as 'a matter of just and reasonable inference' the amount and extent of [her] work in order to demonstrate that [s]he was inadequately compensated under the FLSA." Ekokotu v. Fed. Express Corp., 408 F. App'x 331, 340 (11th Cir. 2011) (quoting Caro-Galvan v. Curtis Richardson, Inc., 993 F.2d 1500, 1513 (11th Cir. 1993).

つ 72A
.ev. 8/82)

Here, Plaintiff's complaint offers virtually no facts in support of a prima facie case for FLSA violations. It is certainly plausible that Plaintiff worked for Harris Teeter for thirteen years. However, the Complaint offers only conclusory allegations that, "Plaintiff worked for Defendant in excess of forty (40) hours per work week." Dkt. No. 1 ¶ 9. Plaintiff provides no dates or date ranges during which she worked overtime, any facts indicating the nature of her work, any person(s) who allegedly directed her to perform this work or any other factual basis on which this Court can make a reasonable inference to the amount and extent of her work. Such a deficient factual basis cannot survive a motion to dismiss. Iqbal, 556 U.S. at 678.[1]

In response, Plaintiff offers no new factual support or legal argument which would persuade the Court otherwise. Instead, Plaintiff simply moves to file an Amended Complaint. Dkt. No. 9 pp. 2-3. Ordinarily, the Court must grant one opportunity to amend before the district court dismisses the complaint. United States ex rel. Corsello v. Lincare, Inc., 428 F.3d 1008, 1013 (11th Cir. 2005). This includes situations, as here, where the request was made within a response to a

---

[1] Sister Courts in this jurisdiction have dismissed similarly factually deficient FLSA complaints. St. Croix v. Genentech, Inc., No. 8:12-cv-891-T-33EAJ, 2012 WL 2376668, at *2 (M.D. Fla. June 22, 2012); Pinellas Fed. Credit Union v. Reynolds, No. 8:12-cv-14-T-30MAP, 2012 WL 1069814, at *2 (M.D. Fla. Mar. 29, 2012).

⊃ 72A
.ev. 8/82)

defendant's motion to dismiss. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Thus, while the Court will deny Defendant's Motion to Dismiss, this decision is based entirely on the assumption that Plaintiff will file an amended complaint. Therefore, the Court orders that Plaintiff must file an amended complaint within 20 days. The Court cautions the Plaintiff that failure to do so will result in the dismissal of this action.

## CONCLUSION

For the reasons set forth above, Defendant Harris Teeter, LLC's Motion to Dismiss or in the Alternative, Motion for a More Definite Statement (Dkt. No. 5) is **DENIED**. The Court grants Plaintiff's request for leave to amend and gives her 20 days to file an amended complaint in this action.

**SO ORDERED**, this 18th day of November, 2016.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA